UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANI KESHTGARPOUR,

      Plaintiff,                             No. 17-12917

v.                                        District Judge Matthew F. Leitman
                                            Magistrate Judge R. Steven Whalen

HENRY FORD HEALTH SYSTEM,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

In June of 2005, Plaintiff Dr. Mani Keshtgarpour was terminated from a one-year transitional internship at the Henry Ford Health System ("Henry Ford"). As a result, Henry Ford will not provide a Certificate of Completion of the program. Approximately 12 years later, on September 6, 2017, Dr. Keshtgarpour filed a *pro se* civil complaint in this Court, seeking an order compelling Henry Ford to issue a Certificate of Completion, as well as money damages.

Before the Court are Defendant's motion to dismiss [Doc. #8] and corrected brief in support of motion to dismiss [Doc. #10], which have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Because any of Dr. Keshtgarpour's claims would be barred by the statute of limitations, I recommend that the motions be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

### I. FACTS

In 2004, Plaintiff, a medical school graduate, was accepted into a one-year Transitional Residency program at Henry Ford. He was terminated from that program in June of 2005, about a month before the end of the program. Included in Plaintiff's

complaint is a June 2, 2005 letter from Peter Coggan, M.D., informing him of his termination and the reasons for it. Dr. Coggan noted that Plaintiff was placed on probation on February 9, 2005 "because of a consistent trend of poor performance on prior rotations." *Complaint* [Doc. #1], Pg. ID 309. He noted Plaintiff's continued poor performance while on probation, and concluded that "[s]ince you have not met the graduation requirements for the Transitional Year, a graduation certificate will not be issued." *Id*. Plaintiff appealed his termination, and on June 14, 2005, Dr. John Popovich, Jr., M.D., Chair of the Department of Medicine, denied the appeal, stating, "Your academic performance record shows a consistent and continued failure to meet fundamental performance requirements appropriate for an intern....Based on the documented and accumulated evidence of substandard performance, I support the decision by your program director to dismiss you from the Transitional Year residency program." *Id*. Pg. ID 310.

In his complaint–which, with exhibits, consumes 494 pages–Plaintiff alleges that as a result of Henry Ford's denial of a completion letter, he has been denied the opportunity to be licensed as a physician in the State of Illinois, and to apply to a graduate program at the Harvard Medical School. *Id*. Pg. ID 54, 56-57. Plaintiff acknowledges that he filed his first complaint with the Accreditation Council for Graduate Medical Education (ACGME) in 2005. *Id*. Pg. ID 55. He also states that he has "continuously pursued" his "educational civil rights" since that time, making complaints to the Michigan Attorney General, the F.B.I., and the Justice Department. *Id*. Pg. ID 56. He states that he has continuously sought certification since 2005. *Id*. Pg. ID 57. Over the years, he received a series of emails from Henry Ford's attorney requesting that he cease contacting Henry Ford Hospital or its employees. In 2012 he received an email from attorney Jane

Schelberg, which stated:

> "You have been contacting me by phone and email for the past 10 years. The circumstances around your training here in 2004/2005 have not changed and I do not believe a meeting with you would be fruitful. I have investigated your claims regarding your internship and your evaluations and have found them to be without merit..., I demand that you immediately cease and desist all contact (email, telephone, written) with me and any other past or current employees regarding this matter. If you decide to pursue this matter through the court system as you have suggested you would, please have your attorney contact me." *Id*. Pg. ID 58-59.

In his complaint, Plaintiff claims that Henry Ford terminated him from the program without any reason, and without providing him due process. Apparently attempting to articulate a federal cause of action, or to address a statute of limitations issue, he states:

> "If previously, during my internship, I was treated as an employee, then any recent retrospective changes in my appointment from a previous employee to a previous academic student can possibly exempt and refresh any Statute for Educational Civil Complaint, as there are circumstances where my educational civil rights have been undermined under employee status at HFHS." *Id*. Pg. ID 61.

Plaintiff further states that he has evidence

> "that HFHS Residency office, in a systematic and organized way, has abused their federally granted residency training privileges to sabotage my clinical training and prevent me from my very important educational civil rights." *Id*. Pg. ID 63.

Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, and Fed.R.Civ.P. 12(b)(6), for failure to state a claim on which relief can be granted.

## II.   STANDARD OF REVIEW

Challenges to the Court's subject matter jurisdiction are brought under Fed.R.Civ.P. 12(b)(1). The party opposing a Rule 12(b)(1) motion "bears the burden of proving jurisdiction." *EEOC v. Hosanna–Tabor Evangelical Lutheran Church & Sch.,*

597 F.3d 769, 776 (6th Cir. 2010). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. In a facial attack, the allegations of the complaint are taken as true, and the Court must decide whether the plaintiff has adequately alleged grounds for subject matter jurisdiction. In a factual attack, "[n]o presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Richardson v. City of Detroit Retirement Systems*, 2013 WL 2338738, *3 (E.D.Mich. 2013), citing *Richardson v. City of Detroit Retirement Systems*, 2013 WL 2338738, *3 (E.D.Mich. 2013).

### III. DISCUSSION

#### A. Rule 12(b)(1)

Defendant raises a facial attack on subject matter jurisdiction; thus, the Court presumes the truthfulness of Plaintiff's allegations in deciding whether he has sufficiently alleged jurisdiction. Plaintiff alleges both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff has not articulated any federally protected right that Defendant violated. He alleges that Henry Ford receives federal funds, but that does not make it a federal actor such as would bring constitutional provisions, such as the Due Process Clause, into play. Nor does he allege that Defendant's decision to terminate his residency was based on any prohibited classification such as race, gender, or age that would bring a federal statute into play, such as Title VII or the Age Discrimination in Employment Act. Rather, Plaintiff alleges, in effect, that Henry Ford made a factually unsupported decision to terminate his residency and to not provide him with a Certificate of Completion. Under the facts that Plaintiff alleges, Henry Ford, a private institution, simply did not have any

federally imposed obligation to continue Plaintiff in its Transitional Residency program. There is no basis for federal question jurisdiction under 28 U.S.C. § 1331.

Because Plaintiff is a resident of Illinois and Defendant is a citizen of Michigan, there is diversity of citizenship between the parties. Plaintiff seeks $200,000.000.00 in damages, well above the $75,000.00 requirement for diversity jurisdiction. It might appear, then, that Plaintiff has adequately pled diversity jurisdiction. However, Defendant argues that Plaintiff has not alleged facts that would support any cause of action under either federal or Michigan law, and therefore, because his complaint is frivolous, it may be dismissed for lack of subject matter jurisdiction.

It is true that in some instances, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) where the claims are frivolous. "[A] district court may, at any time, sua sponte, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). However, the Supreme Court has cautioned against routinely applying a Rule 12(b)(6) standard to a Rule 12(b)(1) challenge. In *Bell v. Hood*, 327 U.S. 678, 682–83 (1946), the Court stated:

> "Jurisdiction, therefore, is not defeated...by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction."

Plaintiff has not provided any facts that would show that Defendant violated any rights protected under Michigan law, such as the anti-discrimination provisions of the Elliot-Larsen Civil Rights Act ("ELCRA"). Plaintiff's vague and generalized claims that Henry Ford sabotaged his clinical training to undermine his "educational civil rights" do not establish any viable cause of action, and could well be considered frivolous. However, giving this *pro se* complaint a liberal construction, it might appear that Plaintiff is alleging a contractual violation. Indeed, in Dr. Coggan's dismissal letter dated June 2, 2005, *Complaint* [Doc. #1], Pg. ID 309, refers to Plaintiff's suspension with pay "for the duration of your contract which ends June 30th 2005." Without regard to whether that claim would survive dismissal on the merits (and as explained in the next section, it will not), I find that Plaintiff has, at a minimum, established subject matter jurisdiction, specifically diversity jurisdiction.

### B.   Rule 12(b)(6)

This complaint should be dismissed because it was filed grossly outside the statute of limitations.

As discussed above, Plaintiff has not pled any viable federal claims. But even if he had, they would be time-barred. For example, a Title VII claim requires that a plaintiff file an administrative charge with the EEOC within 300 days of the adverse employment action. Exhaustion is a necessary predicate to filing suit. 42 U.S.C. § 200e-5(e)(1); *Nichols v. Muskingum College*, 318 F.3d 674, 679-80 (6th Cir. 2003). Plaintiff did not file a timely EEOC charge, and did not exhaust his administrative remedies. A Michigan claim under ELCRA must be brought within three years of the adverse employment action. M.C.L. § 600.5805(10); *Magee v. DaimlerChrysler Corp.*, 472 Mich. 108, 113, 693 N.W.2d 166 (2005).

Under Michigan law, the statute of limitations for personal injuries caused by negligence is three years. M.C.L. § 600.5805. Michigan's longest statute of limitations, for contract claims, is six years. M.C.L. § 600.5807.

The date of injury for purposes of determining the start of the limitations period is the date of alleged wrongdoing. *Joliet v. Pitoniak*, 475 Mich. 30, 40–41, 715 N.W.2d 60 (2006). Plaintiff's Transitional Residency was terminated in June of 2005. That termination was the basis of Henry Ford's refusal to issue a Certificate of Completion. As Plaintiff stresses repeatedly in his 405 page complaint, the "alleged wrongdoing" was the Defendant's decision to remove him from the program, a decision that Plaintiff claims was made without good cause. The alleged wrong for which he seeks redress is not the Defendant's continuing denial of a Certificate of Completion, but rather Defendant's 2005 decision to terminate his residency and deny a graduation certificate. In his termination letter of June 2, 2005, Dr. Coggan specifically told Plaintiff that because he was being terminated from the program, "a graduation certificate would not be issued." Doc. #1, Pg. ID 309. Plaintiff was aware of the claimed basis of his termination and the resulting denial of a Certificate of Completion, and immediately appealed his dismissal within the Henry Ford program, receiving a denial of his appeal on June 14, 2005.. Yet he did not file his complaint in this Court until over 12 years later, in September of 2017.

Because any possible claims that Plaintiff has would be time-barred, his complaint should be dismissed.

## IV.   CONCLUSION

I recommend that Defendant's motions to dismiss [Doc. #8 and Doc. #10] be GRANTED and that the complaint be DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 12(b)(6).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 14, 2018

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 14, 2018, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen