UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANI KESHTGARPOUR,

    Plaintiff,

v.

HENRY FORD HEALTH SYSTEM, *et al.*,

    Defendants.
_____/

Case No. 17-cv-12917
Hon. Matthew F. Leitman

# ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION DATED AUGUST 14, 2018 (ECF # 19), (2) ADOPTING THE REPORT AND RECOMMENDATION (ECF #17) AND ITS RECOMMENDED DISPOSITION, (3) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF ## 8, 10), AND (4) DISMISSING ACTION WITH PREJUDICE

In 2004, Plaintiff Mani Keshtgarpour, M.D., began a one-year medical residency with Defendant Henry Ford Health System ("Henry Ford"). In June of 2005 – one month before the residency program was scheduled to end – Henry Ford terminated Keshtgarpour from the program due to his consistent poor performance. When Henry Ford ended Keshtgarpour's participation in the program, it informed him that it would not issue him "a graduation certificate." (Complaint, ECF #1 at Pg. ID 309.) *Twelve years* later, Keshtgarpour, proceeding *pro se*, filed his Complaint in this action. The Complaint (including exhibits) spans nearly 500 pages. Keshtgarpour seeks "Two Hundred Million U.S. Dollars" in money damages and an

1

order compelling Henry Ford to issue what Keshtgarpour calls a "Certificate of Completion." (*Id.* at Pg. ID 6.)

Henry Ford filed a motion to dismiss the Complaint on the ground that, among other things, any claims that Keshtgarpour could possibly be asserting – it is difficult to discern from the Complaint precisely which claims Keshtgarpour intends to bring – would be barred by the applicable statutes of limitations. (*See* Mot. and Amended Mot., ECF ## 8, 10.) The assigned Magistrate Judge has issued a thorough and well-reasoned Report and Recommendation (the "R&R") in which he suggests that the Court grant Henry Ford's motion. (*See* R&R, ECF #17.) Keshtgarpour has filed objections to the R & R (the "Objections"). (*See* ECF #19.) For the reasons explained below, the Objections are **OVERRULED**, Henry Ford's motion is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

**I**

**A**

When a party has objected to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**B**

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *See id*. When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**II**

The bulk of the Objections simply restate Keshtgarpour's grievances against Henry Ford and do not address the Magistrate Judge's conclusion that Keshtgarpour's claims are barred by the applicable statutes of limitations. (*See*

3

Objections, ECF #19 at Pg. ID 649-57.) Since these portions of the Objections do not address the basis of the recommendation for dismissal, they are not relevant to the matter before the Court, and there is no ruling for the Court to make with respect to them.

The Court turns now to the portions of the Objections that do relate to the statute of limitations issue. Keshtgarpour first seems to argue that the applicable limitations period was "tolled" from 2005 – when Henry Ford terminated his participation in the residency program and told him that it would not issue a graduation certificate – until 2017, when he again requested a certificate and Henry Ford stood by its earlier decision not to issue one. (Objections, ECF #19 at Pg. ID 657-59.) But Keshtgarpour offers no authority to support of this tolling theory. And the Court is aware of none. Accordingly, this aspect of Keshtgarpour's Objections is **OVERRULED**.

Keshtgarpour next insists that the limitations period was tolled from 2005 until 2017 because he was pursuing postgraduate academic training during this period. (*See id.* at Pg. ID 661-62.) But he offers no authority in support of his argument that a limitations period is tolled while a plaintiff is enrolled in higher education classes. And the Court is aware of none. Accordingly, this aspect of Keshtgarpour's Objections is **OVERRULED**.

4

Finally, Keshtgarpour appears to argue that his claims are not time-barred because he received a stipend rather than a salary. (*See id.* at Pg. ID 662.) The Court does not understand this argument and sees no basis on which it undermines the Magistrate Judge's conclusion that Keshtgarpour's claims are time-barred. Accordingly, this aspect of Keshtgarpour's Objections is **OVERRULED**.

### III

For the reasons explained above, **IT IS HEREBY ORDERED** that:

1. Keshtgarpour's Objections to the R&R (ECF #19) are **OVERRULED**;

2. The R&R (ECF #17) is **ADOPTED** as the Opinion of the Court;

3. Henry Ford's motion to dismiss (ECF ## 8, 10) is **GRANTED**; and

4. Keshtgarpour's Complaint (ECF #1) is **DISMISSED WITH PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 11, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764